Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MERRIE ELLEN REID**, ) | |
| ) | |
| Petitioner, ) | Case No. 7:05CV00370 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Respondent. ) | |

*Merrie Ellen Reid, pro se.*

Petitioner, a federal inmate sentenced in this court, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). I find that the motion fails to state any claim for relief and accordingly, I will summarily dismiss the action.

## I. Background.

Following a three-day trial, a jury found Merrie Ellen Reid guilty of conspiracy to commit bank robbery, aiding and abetting an aggravated armed bank robbery, conspiracy to possess a firearm in furtherance of the robbery, aiding and abetting in the possession of a firearm in furtherance of the robbery, conspiracy to commit

carjacking, aiding and abetting in carjacking, conspiracy to possess a firearm in furtherance of carjacking, and aiding and abetting in the possession of a firearm in furtherance of a carjacking. *See* 18 U.S.C.A. §§ 2, 371, 924(o), 924(c), 2113, 2113(a), 2113(d), 2113(e), 2119, 3559(c) (West 2000). On August 27, 2003, Reid was sentenced by this court to 572 months imprisonment. She appealed, and her attorney raised several issues pursuant to *Anders v. California*, 386 U.S. 738 (1967). The convictions and sentence were affirmed. *United States v. Reid*, 100 Fed. Appx. 190, 191 (4th Cir. 2004) (unpublished).

Reid filed the present 2255 motion in June 2005, contending that counsel provided ineffective assistance at trial in various respects and that petitioner was illegally sentenced under the United States Sentencing Guidelines "recognized as unconstitutional including enhancements." Reid also moved the court for an extension of time to file a memorandum in support of her claims. The court granted the extention, but never received the promised memorandum or any other response from Reid. On October 21, 2005, the court issued an order informing Reid that if she did not submit her memorandum within thirty days, the court would dismiss her § 2255 motion for failure to state a claim. That allotted time has elapsed with no response from Reid. Upon review of the original petition, I conclude that the pleading filed in this case fails to state any ground for relief under § 2255.

## II. Ineffective Assistance.

The Sixth Amendment mandates that an accused person have the assistance of counsel sufficiently competent to fulfill the role of counsel in the adversarial system as necessary to ensure a fair trial. *Strickland v. Washington*, 466 U.S. 668, 685 (1984). Ineffective assistance of counsel warrants habeas relief only when petitioner satisfies a two prong standard, showing both counsel's defective performance and resulting prejudice. *Id.* at 687. To prove counsel's actions constituted deficient performance, petitioner must overcome a strong presumption that under the circumstances at petitioner's trial, counsel acted within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689. To prove the prejudice prong, petitioner must demonstrate "a reasonable probability" that but for counsel's unprofessional errors, the result reached by a reasonable and impartial fact finder would have been different. *Id.* at 694-95.

> Reid's ineffective assistance claims are cursory at best:
>
> Failure to advise client as to legal alternatives, counsel unprepared for trial, lack of devotion to the interest of the accused, failure to admonish about the mandatory minimum punishment, failure to communicate a plea offer to defendant, failure to present mitigating evidence, failure to arrange mental exam of defendant, failure to call expert witness, failure to raise issue on appeal, failure to perfect appeal, selection procedure resulted in an under representation of minorities in the jury pool, and failure to urge downward role adjustment due to culpability.

Reid does not offer any facts in support of her claims that counsel performed unreasonably. Given the generality of Reid's allegations, I cannot find from the record itself that any of counsel's alleged omissions constituted deficient performance under the circumstances of the case.[1] Reid also fails to allege facts demonstrating any reasonable probability that absent counsel's alleged deficiencies, the outcome at trial, sentencing or appeal would have been different. As Reid thus fails to satisfy either prong of the *Strickland* analysis, I must summarily dismiss her ineffective assistance claims.

III. Sentence Enhancements.

Reid apparently believes that she should be resentenced as a result of a the Supreme Court's opinion in *United States v. Booker*, 125 S. Ct. 738 (Jan. 12, 2005). This decision essentially held that the United States Sentencing Guidelines were unconstitutional to the extent that they required judges to determine sentences based on facts not found by a jury. The Fourth Circuit has held that the rule in *Booker* "is not available for post-conviction relief for federal prisoners whose convictions

---

[1] For example, the record indicates that counsel did perfect and pursue Reid's appeal, pursuant to *Anders*.

- 4 -

became final before *Booker* was decided ." *United States v. Morris*, No. 04-7889, 2005 WL 2950732, at *6 (4th Cir. Nov. 7, 2005).

Reid's conviction became final in October 2004, when her opportunity to file a petition for a writ of certiorari expired. *See United States v. Clay* 537 U.S. 522 (2003). Therefore, the *Booker* rule offers her no ground for relief under § 2255. I will dismiss her motion accordingly.

## IV. Conclusion.

For these reasons, the § 2255 motion states no claim upon which relief can be granted. Accordingly, it will be dismissed.

A separate Final Order will be entered herewith.

DATED: December 5, 2005

/s/ JAMES P. JONES
Chief United States District Judge